**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JERMAINE H. COVINGTON,          :
                                :  Civil Action No. 12-276 (PGS)
          Plaintiff,            :
                                :
     v.                         :  **OPINION**
                                :
OFFICER GUS SANCHEZ, et al.,    :
                                :
          Defendants.           :

**APPEARANCES:**

    JERMAINE H. COVINGTON, Plaintiff pro se
    #133692
    Middlesex County Adult Correction Center
    Housing Unit 0-6
    P.O. Box 266
    New Brunswick, New Jersey 08903

**SHERIDAN**, District Judge

On or about April 19, 2012, Plaintiff Jermaine H. Covington, a state prisoner currently confined at the Middlesex County Adult Correction Center in New Brunswick, New Jersey ("MCACC"), filed a motion for appointment of counsel in this action. (Docket entry no. 2). This motion is being decided pursuant to Fed.R.Civ.P. 78.

DISCUSSION

Indigent persons raising civil rights claims have no absolute constitutional right to counsel. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). In determining whether to appoint counsel, a court should consider several factors:

> As a preliminary matter, the plaintiff's claim must have some merit in fact and law. ... If the district court determines that the plaintiff's claim has some merit, then the district court should consider the following factors:
>
>> (1) the plaintiff's ability to present his or her own case;
>> (2) the complexity of the legal issues;
>> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
>> (4) the amount a case is likely to turn on credibility determinations;
>> (5) whether the case will require the testimony of expert witnesses;
>> (6) whether the plaintiff can attain and afford counsel on his own behalf.
>
> [Tabron v. Grace, 6 F.3d 147, 155-56, 157 n.5 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994).]  This list of factors is not exhaustive, but instead should serve as a guide post for the district courts.
>
>> Correspondingly, courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases.  Id. at 157.

Parham, 126 F.3d at 457-58.

Applying these factors to this case, the Court is not inclined to allow appointment of counsel at this time. Plaintiff's claims in his Complaint do not involve complex issues of law or fact, and it is unlikely that there will be a need for extensive investigation and discovery for plaintiff to prepare and present his case for trial.  Plaintiff also appears to be articulate and demonstrates an understanding of the legal issues and ability to prepare documents and present his case coherently.

Finally, expert testimony is not essential to plaintiff's ability to present his case, and it is not apparent at this time that the case will necessarily rest on credibility determinations that would necessitate appointment of counsel.  Thus, the only factor weighing in favor of appointment of counsel is plaintiff's indigency.  Given the balance of factors against appointment of counsel at this time, the Court will deny plaintiff's application for appointment of counsel without prejudice to him renewing such application at a later time if the circumstance in this case so warrant.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for appointment of counsel (Docket entry no. 2) will be denied without prejudice at this time.  An appropriate order follows.

*s/Peter G. Sheridan*
PETER G. SHERIDAN
United States District Judge

Dated: August 7, 2012